### E. H. COWLES v. STANLEY THOMPSON.

[FILED MARCH 3, 1891.]

1. **Attorney and Client:** QUANTUM MERUIT. The preponderance of the testimony in the case establishes that the defendant employed the plaintiff, a practicing attorney, to prosecute a certain action in the district court of Buffalo county, and that the attorney rendered the services as agreed. There was no agreement as to the amount of fees. *Held*, That the defendant was liable for the reasonable value of the services.

2. **Error Without Prejudice.**   A judgment will not be reversed for error committed without prejudice to the party seeking to take advantage of it.

3. The instructions set out in the opinion *held* to correctly state the law of the case.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Marstons & Nevius*, for plaintiff in error.

*Stanley Thompson, pro se.*

NORVAL, J.

This suit was brought by the defendant in error to recover for services as an attorney at law, rendered at the request of the plaintiff in error, in the district court of Buffalo county. A verdict for $85 was returned for the plaintiff below.

Ethan H. Cowles, on behalf of himself and several other taxpayers of Buffalo county, employed one L. O. Williams, a practicing attorney of Kearney, to bring an action in the district court of that county to enjoin the board of supervisors and treasurer of the county from collecting a tax which had been levied for the purpose of building a court house at Kearney. Williams was paid a retainer's fee of $25 and was to receive the further sum of $75 if successful in the suit. After the petition was prepared and filed in the district court, but before a temporary injunction was granted, Williams was called to Missouri on account of sickness in his family, and did not return to the state. Thompson had assisted Williams in drafting the petition. Cowles was informed shortly afterwards that Williams's return was uncertain, and, according to the testimony of Thompson and two other witnesses, Cowles asked Thompson to take charge of the case, and he would see that he got a good fee; and that Thompson then informed Cowles that he should look to him for his pay. Thompson rewrote the petition, signing the same as attorney for

the plaintiff, which was verified by Cowles, and a tempo-
rary injunction was obtained. Cowles frequently called at
Thompson's office, and talked with him about the suit.
Thompson had entire charge of the case, and argued the
legal questions at the hearing. The injunction was dis-
solved and the suit dismissed. The plaintiff also testified
that the defendant has paid him $15. No question is raised
as to the value of the services rendered.

The testimony of Cowles tends to show that he informed
the plaintiff of the nature of the contract with Williams,
who replied that it was a very small fee, and that he was
associated with Williams in the case. The defendant also
claims that he told Thompson if he won the case he would
raise him another $100, and that he had no other conver-
sation with him about fees. He admits letting the plaintiff
have $15, but claims that it was a loan, and was not paid
on fees. It also appears in testimony that Thompson and
Williams were associated together in some cases, and that
before the latter left the state he appeared in open court
and requested that Mr. Thompson's name be entered with
his on the record as counsel in the injunction suit. The
plaintiff denies under oath that he had any knowledge of
the contract made with Williams or that the defendant ever
told him of its nature. The testimony was sufficient to
justify the jury in finding that the defendant employed
the plaintiff to take charge of the case after Williams left
the state, and agreed to pay him a reasonable compensation
for his services.

The plaintiff in error offered in evidence page 132 of
district judge's docket for the June term, 1887, which was
excluded. This ruling is assigned as error. A copy of
the entry is not preserved in the bill of exceptions, nor
does it in any way appear what the record shows. We
gather, however, from the brief of plaintiff in error that it
was offered for the purpose of showing that Williams and
Thompson appeared as attorneys for plaintiffs in the in-

31

junction case. The summons issued in the same case, with the names of T. O. Williams and S. Thompson indorsed thereon as plaintiff's attorneys, being offered for the same purpose, was also excluded. We are unable to see how the plaintiff in error was prejudiced by these rulings of the court. The plaintiff in error established by other testimony that Williams and Thompson appeared together as attorneys for the plaintiff. That they commenced the suit was not disputed on the trial in the court below, but was conceded by the defendant in error in his testimony. It was the theory of the plaintiff below that the defendant, after Williams left the state, employed the plaintiff to prosecute the case, and agreed to pay him for his services. This was denied by the defendant, and was the real issue in the case. The rejected testimony did not in any manner tend to disprove such a contract, or to establish that the services bestowed by Thompson were rendered under the Williams agreement.

The remaining assignment of errors is based upon the second and third paragraphs of the instructions given by the court on its own motion, which are as follows:

"2. If Thompson and Cowles had a conversation before the work was done, in which it was agreed that Thompson should proceed with his work, then Cowles is bound to pay him what his services were reasonably worth, unless it was agreed between them that Thompson should do the work for the price previously agreed upon between the defendant and Williams.

"3. And if Thompson refused to work unless Cowles would agree to see him paid, regardless of whether he won or lost the case, then Cowles is liable, and it is immaterial that Thompson lost the case and that other persons were interested with Cowles in trying to defeat the court house tax levy."

It is urged by counsel that the language used by the court is misleading "because the jury might well infer that

if they had a conversation and Thompson was to proceed with the case, it mattered not whether there was any agreement by Cowles to pay him or not." The jury could not have so understood the language of the court, especially when considered in connection with the other instructions given. The first instruction informed the jury, in substance, that the defendant is not liable unless he employed the plaintiff, and the jury was told in the second instruction given at the request of the defendant, that if the plaintiff knew of the Williams contract, acted with him under that contract, and with no agreement with Cowles, the plaintiff could not recover in the action. The charge of the court as a whole fairly submitted to the jury whether or not the defendant employed the plaintiff and agreed to pay him for his services. The jury could not have inferred from the instructions that the defendant was liable whether the plaintiff rendered the services under Williams's contract or not. The judgment of the district court is

AFFIRMED.

THE other judges concur.