ALPHIA M. SHEVALIER, APPELLANT, V. THOMAS J. DOYLE, APPELLEE.

FILED FEBRUARY 28, 1911.    No. 16,323.

1. **Attorney and Client:** DISCHARGE OF ATTORNEY: RIGHT TO COMPENSATION. A client may discharge his attorney at any time; but, where he does so without just cause, the law gives the attorney an action for damages therefor; and, where the attorney accepts his discharge, the express contract of employment, if there be one, may be declared to be abrogated. In such case, an implied contract arises to which the attorney may resort for the recovery of the reasonable value of his services.

2. ——: ACTION FOR COMPENSATION: SUFFICIENCY OF PLEADING. Where the pleading in such a case contains a statement of the services performed and an allegation of the reasonable value thereof, it will, after judgment, be held sufficient to sustain a recovery based upon a *quantum meruit*.

3. **CONTRACTS:** LEGALITY. A contract based on considerations, a part

of which may be illegal, and a part legal and valid in all respects, will, if separable, be enforced as to its legal provision.

4. Evidence examined, and the sum due the prevailing party found to be the amount awarded him by the district court.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Charles O. Whedon,* for appellant.

*G. L. De Lacy, contra.*

BARNES, J.

Alphia M. Shevalier brought this action in the district court for Lancaster county to obtain the cancelation of a real estate mortgage executed by her to the defendant, Thomas J. Doyle, to secure, among other things, the payment of attorney's fees. The defendant had the judgment, and the plaintiff has appealed.

It appears that on the 12th day of June, 1908, the plaintiff was arrested on a charge of grand larceny, and employed the appellee to conduct her defense; that when she was taken before the examining magistrate she procured continuances from time to time until the 10th day of July following, at which time the mortgage in question was executed and delivered to the defendant in this action. One of the conditions contained in the mortgage reads as follows: "The purpose of this conveyance is to indemnify the said Doyle against damage or loss by reason of having become surety for the appearance of the said Alphia Shevalier in the district court of Lancaster county, Nebraska, at the next term thereof, to answer the charge of felony, and also to secure the payment of attorney's fees for defending her against said charge.    *    *    * These presents are upon the express condition that if the said Alphia Shevalier, her heirs, executors, or administrators, shall pay or cause to be paid to the said Thomas J. Doyle $500, and faithfully keep the conditions of said

39

appearance bond according to the tenor and effect of the same, bearing even date, then these presents to be void, otherwise to be and remain in full force."

It further appears that in the early part of the month of August, 1908, the plaintiff was arrested on a charge of perjury, and employed Mr. Doyle to defend her in that suit. There is testimony in the record which tends to show that his fee in that case was to be $500, and that the mortgage in question was to stand as security for the payment thereof. This evidence is contradicted by the plaintiff, and therefore it may be said that the testimony is conflicting upon that point. The defendant performed his part of the agreement by furnishing bail for the plaintiff in both of the cases above mentioned, and thus procured her release from custody. It also appears that the defendant served the plaintiff faithfully by appearing for her in all of the proceedings before the examining magistrate in both cases, and entered upon the work of preparing her defense against both charges in the district court, and it is nowhere suggested that he failed to faithfully and skillfully perform his full duty in that behalf. At a later date, however, and some time about the 1st of September following, the plaintiff caused the defendant to be informed that she had employed other counsel, and that his services were no longer required. After that time, however, the defendant appeared for her in the district court and filed a motion to quash the information in the perjury case, but when the name of the attorney who succeeded him had been properly entered of record, as counsel for the plaintiff, the defendant accepted his discharge and withdrew from both cases. Thereupon the plaintiff tendered him the sum of $50 as full payment for his services, and demanded a release of the mortgage in question. The tender was refused, and this action was brought to cancel that instrument.

Defendant's answer set forth the foregoing facts by way of a cross-petition, which also contained an allegation that a retainer in the two cases above mentioned and the serv-

ices rendered by him to and for the plaintiff were rea-
sonably worth the sum of $1,000, and concluded with a
prayer for an accounting to determine the amount due
him therefor; that a reasonable time be fixed for the pay-
ment of that sum; that the mortgage in question be fore-
closed, and in default of such payment by the plaintiff
that the premises described therein be sold and the pro-
ceeds applied to the payment of the sum so found due.
Issues were joined by a reply, and upon the conclusion of
the trial the court found the facts generally for the de-
fendant and against the plaintiff, fixed the amount due to
the defendant at the sum of $500, and decreed a fore-
closure of the mortgage as prayed.

The plaintiff now contends that the defendant's cross-
bill was based solely upon a special contract, and there-
fore he could not recover upon a *quantum meruit,* and in
support of that contention cites *Powder River Live Stock
Co. v. Lamb,* 38 Neb. 339. In that case, however, it ap-
pears that the pleadings contained no allegation which
would sustain a recovery upon a *quantum meruit;* while
in the case at bar the defendant's cross-bill contains an
averment of the reasonable value of the services performed
by him under the contract before the same was abrogated
or annulled by the plaintiff. While this averment may
not be as full and complete in all respects as the ordinary
plea of *quantum meruit,* still, in view of the rule that
after judgment a pleading will be liberally construed, we
are of opinion that the averments of the cross-petition are
sufficient to sustain the judgment of the trial court.

The plaintiff also contends that the defendant not hav-
ing performed his contract by defending her in the district
court is not entitled to any compensation, and judgment
should have been rendered in her favor. In view of the
fact that plaintiff tendered the defendant $50 for his serv-
ices as a part of her demand for a release of the mort-
gage in question, this contention is not entitled to receive
serious consideration.

On the other hand, the defendant insists that the meas-

ure of damages for the plaintiff's breach of the contract of employment is the full contract price. We think that neither of the parties has invoked the rule which should be applied in such cases. It is doubtless true that a client has a right to discharge his attorney at any time; but, if he does so without just cause, the law gives the attorney an action for damages therefor; and, where the attorney accepts his discharge, the express contract is abrogated. In such a case, an implied contract arises to which the attorney may resort and recover a fair fee, or, in other words, the reasonable value for his services. 4 Cyc. 993; *Evans v. Bell,* 6 Dana (Ky.) *479; *Cowles v. Thompson,* 31 Neb. 479; *Dailey v. Devlin,* 21 N. Y. App. Div. 62, 47 N. Y. Supp. 296; *Campbell v. Goodman,* 23 Pa. Co. Ct. 609; *Planters Bank v. Hornberger,* 4 Cold. (Tenn.) 531; *Henry v. Vance,* 111 Ky. 72, 63 S. W. 273.

When the plaintiff discharged the defendant, it appears to have been done without any just cause whatsoever. He accepted the situation with the dignity becoming a reputable attorney, and his conduct in all respects accords with the best ethics of the profession. The plaintiff's testimony clearly shows that her tender of $50 was inadequate and insufficient, and therefore she was not entitled to have her mortgage either released or canceled.

Finally, counsel for the plaintiff contends that the mortgage was given in part for an illegal consideration, and was therefore void and cannot be enforced. Without passing upon the question as to whether that part of the contract which required the defendant to sign plaintiff's recognizance for her appearance in the district court for Lancaster county was illegal and void, it is sufficient to say that so much of the consideration as relates to the agreement for the payment of counsel fees is valid and is separable from the other portion of the agreement, and therefore it may be enforced in this action. *Parish v. Stone,* 31 Mass. 198; *Sims v. Alabama Brewing Co.,* 132 Ala. 311, 31 So. 35; *Richardson v. Scott's Bluff County,* 59 Neb. 400; *Stroemer v. Van Orsdel,* 74 Neb. 132, 143.

As to the amount of defendant's recovery, we think the evidence sustains the judgment, and convinces us that the services performed by the defendant for plaintiff's benefit, including a reasonable retainer fee in both of the crim-. inal cases, were reasonably worth the sum of $500. The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.