RICHARD R. BAKER, APPELLANT, v. RAYMOND C. ZIKAS ET AL., APPELLLEES.

125 N. W. 2d 715

Filed January 24, 1964. No. 35545.

Abrahams, Kaslow, Story & Cassman and Robert C. Oberbillig, for appellant.

Haney & Walsh pro se.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and ZEILINGER, District Judge.

WHITE, C. J.

The question involved in this case is the amount of attorney's fees due the firm of Haney & Walsh from the proceeds of a personal injury judgment and settlement. A trial to a jury, in which the plaintiff Baker was represented by Robert C. Oberbillig, resulted in a verdict and judgment of $12,000, the case arising out of a claim for personal injuries received in an automobile accident. This judgment of $12,000 was settled by the plaintiff, represented by Oberbillig, for $10,000 which sum has now been paid into court. Attorneys' liens were filed by the law firm of Haney & Walsh and also by Robert C. Oberbillig. It is undisputed that the plaintiff Baker was the personal client of Oberbillig. The original contract of employment was entered into in February 1961. Oberbillig at that time was employed by the firm of Haney & Walsh under a contract of employment by which he received a stipulated salary and one-third of the

fees of any cases personally produced by him. "The original contingent fee contract of employment' signed in February 1961 provided for a contingent fee of 40 percent of the amount recovered and provided for the employment of Robert C. Oberbillig and Robert W. Haney as attorneys. It is agreed between the parties that the contract may be regarded as one entered into with the law firm of Haney & Walsh and Robert C. Oberbillig notwithstanding the fact that Robert W. Haney only was named. After trial of the issues presented by the lien claim of Haney & Walsh, the trial court enforced the original contingent fee contract referred to above and divided the $4,000 due under this contract according to the contract of employment between Oberbillig and Haney & Walsh. It allowed the firm of Haney & Walsh $2,666.66 plus about $70 in expenses. Oberbillig appeals.

The substance of Oberbillig's assignments of error is that the plaintiff Baker discharged Haney & Walsh, as his attorney on October 4, 1961, soon after he (Oberbillig) terminated and left his employment by the firm, and that Haney & Walsh is entitled only to an allowance for fees and expenses for services rendered on a quantum meruit basis to the date Baker terminated the employment of Haney & Walsh in the case on October 4, 1961.

There is voluminous evidence in the record concerning the misunderstanding and discord surrounding Oberbillig's termination of his employment and relationship with the firm of Haney & Walsh. No issue with reference to this contract of employment is presented to this court. The only issue before the court was the amount, if any, that it was entitled to out of the proceeds paid into court in the settlement of this personal injury judgment. It is undisputed that Baker discharged Haney & Walsh as his attorney on October 4, 1961, and that this discharge referred to the original employment contract that was executed in February 1961. The law is

well settled that a client has the absolute power and right to discharge an attorney in his case, with or without cause, subject only to the liability to compensate the attorney for the reasonable value of his services actually rendered up to the date of the termination of the employment. Shevalier v. Doyle, 88 Neb. 560, 130 N. W. 417; Meagher v. Kavli, 251 Minn. 477, 88 N. W. 2d 871; Cole v. Myers, 128 Conn. 223, 21 A. 2d 396, 136 A. L. R. 226; Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L. R. A. 1917F 402; 7 Am. Jur. 2d, Attorneys at Law, § 138, p. 132.

The distinction between an ordinary contract liability and one for legal services and the reasons therefor is well set out in Meagher v. Kavli, *supra,* where it is said: " 'We think it is a misconception to attempt to force an agreement between an attorney and his client into the conventional modes of commercial contracts. While such a contract may have similar attributes, the agreement is, essentially, in a classification peculiar to itself. Such an agreement is permeated with the paramount relationship of attorney and client which necessarily affects the rights and duties of each. As we have seen, despite the agreement but as an incident to the relationship, a client has full power to discharge his attorney without cause at any time, being liable only in such event for the reasonable value of the services rendered.' "

The fact that the contract for services is contingent does not vest the attorney with an interest in the case or affect the right to discharge. In 7 Am. Jur. 2d, Attorneys at Law, § 138, p. 132, it is stated: "The right is deemed necessary in view of the confidential nature of the relation between attorney and client, and the evil that would be engendered by friction or distrust. * * * The right of the client to discharge his attorney is not *affected by a previous arrangement between the parties giving the attorney a contingent fee interest in the results of the litigation."* (Emphasis supplied.)

Appellee recognized the application of the above principles in the determination of its own rights as to fees.

Responding to plaintiff Baker's discharge letter of October 4, 1961, Haney, senior member of Haney & Walsh, wrote Baker on October 16, 1961: "It is your privilege, if you wish, to secure other counsel to represent you in this action but before we withdraw as your attorneys of record, we must insist that you make suitable arrangements with this office to compensate it for the service which it has rendered to you, and the expenses which have been advanced by this office in your behalf." On October 13, 1961, Haney wrote Oberbillig as follows: "I have advised Mr. Baker of his right to obtain other counsel to represent him, but have further advised Mr. Baker that before this office will withdraw as attorneys of record in the matter, suitable arrangements must be made to compensate us for the services which we have rendered to date to Mr. Baker in this matter and for the expenses which this office has advanced in his behalf."

Pursuant to this declared and stated position, Haney stated to the court as follows: "* * * I will comply and withdraw; but then I would want my fee paid at the time for the value of my services which have been rendered up to this point based upon the contract." Later, in the same hearing on its lien claim, Haney stated: "* * * before counsel can be discharged or asked to withdraw, he should receive his fee based upon the value of his services up to that time."

At no point, it seems to us, was the right to discharge the firm of Haney & Walsh questioned. The fact is that it was discharged, and under the law the maximum reach of its right to fees is the reasonable value of its services actually rendered to date of discharge. The original contingent fee contract of February 1961 was no longer in effect after Baker's letter of discharge of October 4, 1961.

We have reviewed the record as to the services rendered by the firm of Haney & Walsh to date of discharge. We note the services rendered by Oberbillig on behalf of the firm in this case during the term of his

employment. Haney took the defendant's deposition on July 22, 1961, and appeared with Oberbillig at the same time when the plaintiff's deposition was taken. Various pleadings and motions had been filed, there were office conferences between counsel on the case, and one unsuccessful settlement conference with the insurance company adjuster. We feel the reasonable value of these services is in the sum of $400.

The trial court in effect in its order determined the compensation to be paid Oberbillig. There was no issue in this respect before the court nor was there any issue before the court as to any issue arising out of Oberbillig's and Haney & Walsh's contract during the period of time he was employed by it from January 1961, to September 20, 1961, when Oberbillig terminated his employment with it.

The judgment and order of the district court are modified by directing that it enter its order directing the clerk of the district court to disburse to appellee out of funds in its hands the sum of $400 plus $70.34 for expenses incurred, and to delete all orders with reference to payment to Oberbillig.

AFFIRMED AS MODIFIED.