STATE OF NEBRASKA, APPELLEE, V. ROBERT STROH, APPELLANT.

146 N. W. 2d 756

Filed December 2, 1966. No. 36315.

Wagener, Marx & Youngs and Norman Langemach, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

WHITE, C. J.

This is a prosecution for burglary under section 28-532, R. R. S. 1943. The information alleges that the defendant forcibly broke into and entered a building at 3900 Cornhusker Highway, owned by the Veterans of Foreign Wars, with the intent to steal property of value.

From a jury verdict of guilty and a sentence of 5 years in the Nebraska Penal and Correctional Complex, the defendant appeals.

The evidence, as far as necessary for the determination of the questions in this appeal, is that on the night of November 17, 1963, at about 10 o'clock p.m., Kenneth Leland, the manager of the Veterans of Foreign Wars Club at 3900 Cornhusker Highway, in the company of Denzel A. Dawson, another employee of the club, conducted a check of the building and the premises. They found a locking pin out of a bar across the rear door, the rear door unlocked, and a screen off an upstairs window which had been deposited underneath a stage in the building. Leland called the sheriff's office to report the circumstances. At approximately 12:30 o'clock a.m., deputy sheriff Louis E. Harroun arrived and was shown the back door of the building with the pin out of the bar and the window screen found under the stage. Harroun advised Leland that everything should be left as they had found it and that he would stake himself out in the downstairs room. Leland and the other employees left the premises and Harroun stationed himself in the northwest corner of the downstairs darkened bar room. At approximately 1:40 o'clock a.m., November 18, 1963, Harroun heard the rear door, which had been left unlocked, open and close. Shortly later he saw three men move single file into the club room where he was stationed. He observed that these men were carrying objects, and that they later placed these objects on the cigarette machine and guest register located in the room. These objects were a red and silver flashlight, a black and silver flashlight, a hammer, a tire iron, and a screw driver. They were introduced in evidence over objection as exhibits 6, 7, 8, 9, and 10. The officer testified that he picked them up off the cigarette machine and guest register where they had been placed by the three men. The officer, in his foundation testimony, did not identify any of these objects as being

carried by any particular individual. Harroun ordered these men to halt, proceeded across the room to within 10 or 15 feet of where the men were standing, and ordered the men to stand in front of the cigarette machine and the guest register, while he moved over to the phone booth in the room to make a phone call to secure help. While making the phone call, the defendant walked over close to Harroun and asked that he be released stating he had a wife and children. The men started moving about while Harroun was making the phone call and he warned them not to attempt an escape. They continued to move about, he warned them twice, and then fired a warning shot with his gun. The defendant grabbed his arm and fell to the floor screaming that he had been shot, and a little while later, seeing Harroun making his phone call, he arose, ran for the door, and made his escape. The defendant was positively identified by officer Harroun as being one of the three men. The defendant was further identified by other witnesses as having been on the premises and in the Veterans of Foreign Wars Club the preceding day.

The defendant first contends that it was prejudicial error for the trial court to not strike from the testimony the evidence regarding the screen of an upstairs window being removed and found under a stage a few hours before the alleged breaking and entering took place. He says that this evidence is immaterial and prejudicial since there is no evidence to show that the entrance was gained through the window from which the screen was removed, and there is nothing to connect the defendant with the removal of the screen. It is noted that this testimony was received without objection and the question arises here from a motion to strike this testimony at the conclusion of the State's case. The trial court is necessarily granted a considerable amount of discretion with relation to the admissibility of evidence. Error in the proceedings of a trial will not be presumed but must affirmatively appear from an in-

spection of the record. Whitney v. State, 53 Neb. 287, 73 N. W. 696; Abbott v. State, 160 Neb. 275, 69 N. W. 2d 878. And, errors in the rulings on the admissibility of evidence, which do not injuriously affect the substantial rights of an accused, are not grounds for reversal. Cook v. State, 111 Neb. 590, 197 N. W. 421; Franz v. State, 156 Neb. 587, 57 N. W. 2d 139; Hameyer v. State, 148 Neb. 798, 29 N. W. 2d 458. Assuming, for the purposes of argument, that this testimony is immaterial, we fail to see where it in any way prejudices any substantial right of the defendant. Testimony with regard to the screen was introduced for the same purpose as the testimony with regard to the unlocked back door which was admitted without objection. The purpose was to show that the club manager had reason to believe that someone had set the building up for a later entry. It is not suggested that the evidence concerning the screen resulted in the defendant's conviction, nor is it suggested that in the absence of such testimony there is not sufficient evidence in the record to sustain a verdict of guilty. Considerable discretion is granted to the trial court in the admissibility of testimony concerning the circumstances surrounding and leading up to the commission of a crime. The defendant has not shown that he was prejudiced by the admission of this testimony and the refusal of the trial court to strike it from the record. There is no merit to this contention.

Defendant's next contention is that it was error for the trial court to admit in evidence certain burglary tools consisting of flashlights, hammer, tire iron, and screw driver. He contends, in substance, that there is no evidence connecting the defendant with the ownership or actual possession of these tools. This evidence was highly material. The crime charged was breaking and entering with the *intent* to steal property of value. But, the evidence does show that defendant and his two accomplices entered the building together and that some of them had possession of the tools admitted in evidence

which were placed on the cigarette machine and the guest register. There is no direct identification of the defendant having possession of any one of these particular tools. The testimony was only relevant to the element of intent and we think, even assuming that these tools were exclusively in the possession of the defendant's two accomplices, it was material and admissible in bearing upon the intent of the defendant under the circumstances. Defendant cites no Nebraska authorities to support his position but relies upon People v. Fontana, 356 Ill. 461, 190 N. E. 910. In that case the defendant, along with two other men, was apprehended on the roof of a creamery building. A burglary had been committed in the creamery office and certain burglary tools were found at the scene of the burglary inside the building. The court held that it was prejudicial error to admit the burglary tools into evidence. But, in that case, the court said: "They were not found inside the building nor in the possession of any of the money or goods stolen nor in the possession of any burglars' tools. * * * Where there is no evidence connecting the person accused of burglary with the tools found at the scene of the crime and no proof that the articles found had ever been in the possession of *any* of the defendants, evidence relating to them is inadmissible." (Emphasis supplied.) There is evidence here that the defendant broke into and entered, along with two companions, the building in question. Even though not identified as having any particular tool in his possession, the entry into the building at 1:40 a.m. with two companions possessing such tools is sufficient to warrant an inference, under the circumstances, that he had knowledge of and was connected with the actual possession of such tools. It was relevant to the issue of intent. The above case also found that there was no proof that the articles found had ever been in the possession of any of the defendants. In this case, the opposite is true since the tools were found in the possession of either the defendant or his

two accomplices. The testimony was relevant and material under the circumstances and there is no merit to the defendant's contention.

Defendant next contends that his sentence of 5 years was excessive. The statute provides for imprisonment from 1 to 10 years. He argues that nothing of value was taken but the answer to that is patent. The defendant was apprehended before there was any opportunity to accomplish the purpose of the entry. The actual taking of property of value is not an element of the crime charged. However, such an element is only one of many that are addressed to the sound discretion of a trial judge in passing sentence. See sections 29-2215 and 29-2217, R. R. S. 1943, relating to presentence investigations. Where the punishment of an offense is left to the discretion of a court within prescribed limits of the statute, a sentence prescribed within such limits will not be disturbed unless there appears to be an abuse of such discretion. Salerno v. State, 162 Neb. 99, 75 N. W. 2d 362; Hyslop v. State, 159 Neb. 802, 68 N. W. 2d 698; Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514.

Defendant assigns as error the giving of certain instructions by the court with reference to reasonable doubt, circumstantial evidence, and aiding and abetting another in the commission of a crime. These assignments of error are not argued other than a statement that these instructions are ambiguous and difficult to comprehend. We have examined these instructions and they correctly state the law and are free from error.

It appears from the record of this case that the defendant has had a fair and impartial trial and one free from prejudicial error. The judgment of the district court for Lancaster County is correct and is affirmed.

AFFIRMED.