STATE OF NEBRASKA, APPELLEE, v. LARRY DAVID STROH, APPELLANT.

204 N. W. 2d 156

Filed February 9, 1973. No. 38604.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant was found guilty of assault with intent to commit rape, and was sentenced to 7 years in the Nebraska Penal and Correctional Complex. He premises his appeal on excessiveness of sentence. We affirm.

Defendant was charged with forcible rape. A jury trial was had on that issue. It resulted in a mistrial prior to actual submission. Defendant then waived his

right to a trial by jury and stipulated that the matter be retried before the court without a jury on the transcript of evidence adduced at the jury trial. Upon this retrial the court found defendant guilty of the lesser-included offense of assault with intent to commit rape.

The only question presented by this appeal is the excessiveness of a 7-year sentence. Under the provisions of section 28-409, R. R. S. 1943, the penalty for assault with intent to commit rape is imprisonment "in the Nebraska Penal and Correctional Complex not more than fifteen nor less than two years."

Prior to passing sentence upon defendant the court, under the authority of section 83-1,105, R. S. Supp., 1969, committed the defendant to the Division of Corrections for a period of 90 days for study and report for sentencing. Defendant's presentence investigation discloses a dismissal of a prior charge of statutory rape and two felony convictions, one in Nebraska for burglary and one in Colorado for assault with a deadly weapon. The psychiatrist's report attached to the presentence investigation indicates that defendant does not fit the definition of a sexual sociopath as defined in the Nebraska statutes, and that he could not be benefited by confinement in the Lincoln Regional Center.

Section 29-2308, R. R. S. 1943, provides in part: "* * * the Supreme Court * * * may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence." We have frequently said that where the punishment of an offense is left to the discretion of the court within prescribed limits of the statute, a sentence prescribed within such limits will not be disturbed unless there appears to be an abuse of such discretion. State v. Stroh (1966), 181 Neb. 24, 146 N. W. 2d 756.

The sentence imposed herein is well within the limits provided by law. A review of the record and the pre-

sentence report does not indicate any abuse of discretion on the part of the trial court. We do not find the sentence to be excessive on the record herein. The record amply supports the court's sentence, and the judgment is affirmed.

AFFIRMED.