CHARLES I. SCUDDER, APPELLEE AND CROSS-APPELLANT, V. LYDIA (HALVA) HAUG, APPELLANT AND CROSS-APPELLEE.

266 N. W. 2d 232

Filed May 31, 1978. No. 41612.

Lydia (Halva) Haug, pro se.

Charles I. Scudder, pro se.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

PER CURIAM.

Charles I. Scudder, plaintiff and appellee herein, filed this action against Lydia Haug, defendant and appellant herein, to recover the sum of $824.71 for legal services rendered to her. The defendant entered what was in effect a general denial, and filed a cross-petition, which was subsequently dismissed. See Scudder v. Haug, 197 Neb. 638, 250 N. W. 2d 611 (1977). After protracted pretrial proceedings, the case was set for trial on June 13, 1977. The defendant failed to appear for trial, and was found to be in default. After an evidentiary hearing on the merits of plaintiff's claim, the trial court found that he should be awarded $465 plus $12.75 in court costs. Defendant has appealed, contending that plaintiff was entitled to no recovery. Plaintiff has cross-appealed, contending that the trial court erred in fail-

ing to award him the full $824.71, prayed for. We affirm the judgment of the trial court.

At the trial the plaintiff testified that the defendant had engaged him to represent her in a domestic relations case for a fee of $35 per hour. Plaintiff produced time sheets indicating that from December 24, 1974, to February 18, 1975, he had rendered services to the defendant entitling him to $824.71 under a fee arrangement of $35 per hour. The time sheets reflected that the defendant had made an initial payment of $35 to the plaintiff. The plaintiff testified that he had been discharged by the defendant on February 18, 1975. Finally, plaintiff presented evidence that the fee of $824.71 was fair and reasonable for the services he had performed.

The defendant failed to appear at trial, and obviously did not present any evidence. The trial court, however, on its own motion and without objection by the plaintiff, introduced in evidence two mailgrams sent by the defendant to the plaintiff. The first, mailed on February 18, 1975, advised the plaintiff that he was discharged, but the defendant stated therein: "I will honor my agreement with you as far as the $500.00 fee is concerned." When questioned by the court about this mailgram at trial, the plaintiff stated that there was a misunderstanding on the part of the defendant, and that there was never an arrangement that he would charge her a flat fee of $500. The second mailgram, dated March 24, 1975, also referred to "the $500" to which the plaintiff was entitled. Plaintiff stated that he had had no discussions with the defendant between the mailing of the two mailgrams other than to advise her that there was no $500 fee arrangement.

The trial court found that there was a misunderstanding between the parties as to the fee to be charged to the defendant. The court concluded that the plaintiff was entitled to only $500, and noted that the "failure of the plaintiff to answer the Mailgrams

sent to the plaintiff, acknowledging that a flat fee was to be paid, bears much weight in this decision." The court awarded the plaintiff $500 plus court costs, less the $35 defendant had initially paid the plaintiff.

Plaintiff filed a motion for new trial, alleging that the judgment was contrary to law and not sustained by sufficient evidence because he had proved by a preponderance of the evidence that he was entitled to $824.71, and because the mailgrams were not sufficient to rebut his showing. In his motion for new trial, plaintiff did not allege that the trial court erred in receiving the mailgrams in evidence, or that he was entitled to a new trial on the ground of newly discovered evidence. The defendant also moved for new trial.

At the hearing on the motions for new trial, the plaintiff offered as newly discovered evidence a letter he had written to the defendant on February 21, 1975. In the letter he advised the defendant that his fee until the time of his discharge was $841.04, and that he would send her a final accounting. The court refused to accept the letter as newly discovered evidence. Both motions for new trial were overruled.

In her brief on appeal, defendant does not set forth any arguments which effectively demonstrate error on the part of the trial court. The only contention she discusses is that the trial court was biased and prejudiced against her, and that the trial judge should have recused himself from the case. We find nothing in the record that supports this contention, and it is without merit.

A client has the power to discharge his or her attorney without cause at any time, but remains liable for the reasonable value of the services rendered. Baker v. Zikas, 176 Neb. 290, 125 N. W. 2d 715 (1964). The defendant failed to appear for trial without good cause, and the evidence clearly establishes that plaintiff was entitled to the amount awarded by the

trial court for services he rendered to the defendant before he was discharged. Therefore the trial court was correct in entering judgment in favor of the plaintiff.

In his brief on cross-appeal, plaintiff contends that the District Court erred in (1) receiving into evidence, on its own motion, the two mailgrams without giving him prior notice of its intention to do so; (2) refusing to receive in evidence the letter offered by him at the hearing on the motion for new trial; and (3) improperly evaluating the evidentiary weight to be given to the mailgrams, failing to give normal probative weight and value to his evidence, and failing to decide the case on the preponderance of the evidence.

Neither plaintiff nor his counsel objected to the admission of the mailgrams into evidence at trial. Plaintiff also did not raise this issue in his motion for new trial. The well-established rule is that a party may not properly assign as error on appeal the admission of evidence where no objection was made thereto at trial. See, Breiner v. Olson, 195 Neb. 120, 237 N. W. 2d 118 (1975); Anderl v. Willsey, 193 Neb. 698, 229 N. W. 2d 46 (1975). It is also the rule that alleged errors of the trial court in an action at law, not referred to in a motion for new trial, will not be considered in this court on appeal. Torstenson v. Melcher, 195 Neb. 764, 241 N. W. 2d 103 (1976). Under these rules it is apparent that the plaintiff failed to properly preserve the issue concerning the admission of the mailgrams into evidence for appellate review.

Plaintiff nevertheless urges this court to consider the issue on the ground that it was "plain error" of which we may take notice despite the fact that it was not brought to the attention of the trial court. See § 27-103, R. R. S. 1943. Although there may be some question as to the correctness or propriety of the trial court's action, we do not believe that it was

such that this court should take notice of it as plain error.

We have stated that it is not the prerogative of the trial court to make an independent investigation of the issues between the parties when there is no provision of law providing for such an investigation, and that a trial judge should not engage in conduct which amounts to acting as counsel for one of the parties. Franks v. Franks, 181 Neb. 710, 150 N. W. 2d 252 (1967); Caldwell v. Wells, 174 Neb. 288, 117 N. W. 2d 486 (1962); 75 Am. Jur. 2d, Trial, § 87 at p. 191. A trial court may, however, on its own motion call witnesses and interrogate witnesses. See § 27-614, R. R. S. 1943. This discretionary power permits the trial court to bring out the true facts of the case, although the court must act impartially and not prejudice a party. 75 Am. Jur. 2d, Trial, § 88 at pp. 192, 193.

In the present case the mailgrams had been the subject of pretrial discovery, and the trial court obtained them from the plaintiff at the time of trial. Since the mailgrams were not the product of an independent investigation on the part of the trial court, this case is not analogous -to Franks v. Franks, *supra*; or Caldwell v. Wells, *supra*. Further, it does not appear that the trial court was acting impartially in favor of the defendant, but rather that it was concerned with bringing out all relevant facts. Since the mailgrams were in the possession of the plaintiff, it cannot be argued that he was "surprised" by their contents, nor was plaintiff denied the opportunity to rebut their contents at trial. The action of the trial court was, in some respects, analogous to a judge asking questions of a witness or calling a witness on its own motion and asking questions.

Under these circumstances, we conclude that the admission of the mailgrams into evidence did not constitute plain error of which we should take notice

despite plaintiff's failure to properly preserve the issue for appellate review.

The second issue raised by the plaintiff is whether the judgment is supported by sufficient evidence. He contends that the trial court failed to give sufficient weight to his evidence, improperly evaluated the evidentiary weight to be given to the mailgrams, and failed to decide the case on the basis of the preponderance of the evidence.

Although the defendant did not appear at trial, plaintiff had the burden to prove up on his case. Where a defendant has filed an answer, the fact that he or she does not appear for trial does not entitle the plaintiff to a judgment without proof of the facts constituting his cause of action, unless the facts admitted by the defendant in the answer make out a prima facie case in plaintiff's favor. See First Nat. Bank of Sutton v. Sutton Mercantile Co., 77 Neb. 596, 110 N. W. 306 (1906). In a law action tried to the court without a jury, the findings of the court have the effect of a jury verdict, and will not be disturbed on appeal unless clearly wrong. Katleman v. U. S. Communities, Inc., 197 Neb. 443, 249 N. W. 2d 898 (1977). Therefore the issue presented is whether the findings of the trial court were clearly wrong.

There can be no question that the plaintiff viewed the fee arrangement as one for $35 an hour, as is evidenced by his testimony and time sheets. The mailgrams, however, indicate that the defendant considered the agreement to be that she was to pay the plaintiff a flat sum of $500 for the services he rendered. Since there was no written contract executed by the parties, there was clearly a question of fact as to whether there was a meeting of the minds about the fee to be charged.

It was the duty of the trial court, as trier of fact, to weigh the evidence and the credibility of the witnesses. Brewer v. Case, 192 Neb. 538, 222 N. W. 2d 823 (1974). In a law action tried to the court without

a jury, it is not within the province of this court to weigh the evidence or resolve conflicts in the evidence. Snay v. Snarr, 195 Neb. 375, 238 N. W. 2d 234 (1976). To justify this court interfering with the findings of the trier of fact, the preponderance of the evidence must be so clearly and obviously contrary to the findings that it is the duty of this court to correct the mistake. Dort v. Swift & Co., 193 Neb. 606, 228 N. W. 2d 588 (1975).

In the present case we cannot say that the preponderance of the evidence was clearly and obviously contrary to the findings of the trial court. Although the evidence was clear that the plaintiff viewed the fee arrangement as one for $35 per hour, the same is not true with respect to whether there was a meeting of the minds concerning the fee. The fact that plaintiff testified the defendant's mailgrams were the result of a misunderstanding on her part did not require that the trial court conclude the parties had in fact agreed to a fee arrangement of $35 per hour.

Plaintiff further contends that the trial court erred in refusing his offer of rebuttal evidence to counter the contents of the mailgrams. Plaintiff argues that it was error for the trial court not to receive the letter he offered, at the hearing on the motions for new trial, as newly discovered evidence. The court clearly did not err in this regard. The plaintiff made no showing that the letter was, in fact, newly discovered evidence, and did not comply with section 25-1144, R. R. S. 1943, which requires that a party moving for a new trial on the ground of newly discovered evidence file an affidavit. The trial court did not, at the time of trial, deny the plaintiff an opportunity to rebut the contents of the mailgrams, and at trial plaintiff made no request for additional time to rebut them.

In the "conclusion" paragraphs of plaintiff's brief he requests an award of prejudgment interest and an attorney's fee. The only statutory authority for

such an award in a case like the present one is section 25-1801, R. R. S. 1943. That section provides that a plaintiff who successfully prosecutes a claim for $2,000 or less for services rendered and other types of claims, shall, in addition, be entitled to an attorney's fee in an amount specified in that statute if he has presented a demand for payment of the claim ninety days prior to the institution of the suit, *and if he has employed an attorney.* That section also provides that the plaintiff shall be entitled to recover interest at the rate of 6 percent per annum from the date of presentation of the demand. While the record shows plaintiff employed an attorney in the trial court, he appeared pro se on this appeal.

Although plaintiff may have been entitled to recover interest and an attorney's fee in the trial court under section 25-1801, R. R. S. 1943, the record reveals he has failed to comply with Rules 8a1(3) and 8a2 (3) of the Revised Rules of the Supreme Court, 1977, by failing to assign as error and discuss in his brief as cross-appellant that the trial court erred in failing to award interest and an attorney's fee to him. It is the rule that this court considers on appeal only alleged errors which are assigned and discussed in appellant's brief. See State v. American Theatre Corp., 196 Neb. 461, 244 N. W. 2d 56 (1976). Moreover, since the plaintiff did not employ counsel on appeal, under section 25-1801, R. R. S. 1943, he is not entitled to an award of attorney's fees in this court.

We affirm the judgment of the District Court.

AFFIRMED.