STATE OF NEBRASKA, APPELLEE, V. RANDY S. GORE, APPELLANT.

322 N.W.2d 438

Filed July 23, 1982. No. 81-910.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This criminal appeal originates from defendant-appellant's conviction by the District Court of Nebraska, Second Judicial District, in and for Sarpy County, pursuant to a jury verdict on charges of attempted first degree assault and burglary.

Defendant, Randy S. Gore, urges that the trial

court abused its discretion by (1) receiving evidence of an "excessive" number of defendant's prior misdemeanor convictions, and (2) allowing defendant to be cross-examined on convictions which did not involve dishonesty or false information.

The record is such that the jury could find the defendant, recently released from jail, visited his ex-wife Patricia Gore's apartment in the afternoon of July 10, 1981, at which time one Mike Raven was present. At that time defendant expressed displeasure at Raven's presence; he left and later reappeared at the apartment with his brother-in-law. On this occasion defendant and Raven argued and defendant again left. Raven spent the night at the apartment with Mrs. Gore. At about 1 a.m. she discovered defendant, who had pried open the patio door to gain entrance, inside the apartment. Mrs. Gore sprayed defendant with Mace in an unsuccessful attempt to get him to leave the apartment. Raven secluded himself in a bedroom and asked Mrs. Gore to call the police. She ran next door to the home of Gary and Linda Millsap to comply. Defendant, after attempting to kick down the bedroom door at Mrs. Gore's apartment, went outside. At that point Raven ran downstairs and out the front door, whereupon he was attacked by defendant with a tire iron. Raven proceeded to the Millsap house and was followed by defendant, who then attacked the front door of the neighbor's apartment. At this point defendant kicked at the neighbor's front door while at the same time yelling obscenities and threats to kill Raven. There is evidence that Raven had a knife. Defendant was accompanied during this time by a friend, Kenneth Woods, who was and had been outside the apartment. The police subsequently arrived; Mr. Millsap and Raven went outside, at which time defendant again attacked Raven. Woods also attacked Raven and defendant then

again attacked Raven while continuing to make threats on Raven's life.

During defendant's direct examination he testified that as a result of the divorce action filed by his ex-wife in 1981, he did some "stupid things"; that he had been arrested and convicted of six or seven misdemeanor crimes for "[d]isorderly conduct, false information to a police officer, assault, assault, assault," and that the assaults involved his ex-wife and sister. During cross-examination of defendant the court received, without objection, an Omaha Municipal Court register of misdemeanor actions concerning a March 13, 1981, assault and battery upon Patricia Gore by defendant. The court also received in evidence, without objection, three other misdemeanor registers of action. These concerned a disorderly conduct charge, an assault and battery charge, and a damage to property charge, all arising from an April 29, 1981, incident between defendant and his sister. In addition the court received, over defendant's objection, three other misdemeanor registers of action. These dealt with charges against defendant for resisting arrest and giving false information concerning a September 2, 1981, incident and a false information charge concerning a May 9, 1981, incident.

Defendant argues that the misdemeanor convictions which do not involve dishonesty or false statements were inadmissible under the provisions of Neb. Rev. Stat. § 27-609(1) (Reissue 1979), which provides: "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment."

The problem with that argument is that this court will not entertain objection to the admission of evidence when no objection thereto has been made in a proper and timely fashion at the trial level. *Lindgren v. City of Gering,* 206 Neb. 360, 292 N.W.2d 921 (1980); *Scudder v. Haug,* 201 Neb. 107, 266 N.W.2d 232 (1978); *Erving v. State,* 174 Neb. 90, 116 N.W.2d 7 (1962), *cert. denied* 375 U.S. 876, 84 S. Ct. 151, 11 L. Ed. 2d 121 (1963); *Dutcher v. State,* 16 Neb. 30, 19 N.W. 612 (1884).

It may well be that in view of defendant's prior testimony the registers themselves were cumulative evidence. In this regard we note that defendant objected, without stating as a ground that this evidence was cumulative, to only three of the ten documents regarding prior misdemeanor convictions received in evidence. He had already told the jury about the events covered in two of those documents; he had not testified about resisting arrest. In view of the totality of the record it cannot be said that the one item which was not previously disclosed by defendant on direct examination prejudiced him.

This court will not set aside a conviction unless the defendant meets his burden of showing that the error claimed created not merely a possibility of prejudice but, rather, that it worked to his actual prejudice. *State v. Smith,* 187 Neb. 152, 187 N.W.2d 753 (1971); *State v. Stroh,* 181 Neb. 24, 146 N.W.2d 756 (1966); *United States v. Frady,* 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

We find the defendant had a fair trial and affirm the judgment of the trial court.

AFFIRMED.

McCOWN, J., dissenting.

The critical issue in this case involves the admissibility of evidence that the defendant has been convicted of a crime, when the evidence is offered for the purpose of attacking the credibility of the de-

fendant witness under the provisions of Neb. Rev. Stat. § 27-609 (Reissue 1979).

The relevant portion of that statute provides: "(1) For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (b) involved dishonesty or false statement regardless of the punishment." The remaining portions of the section make evidence of a conviction, even though otherwise within the terms of the rule, inadmissible under certain circumstances not relevant here.

Section 27-609 replaces previous Neb. Rev. Stat. § 25-1214 (Reissue 1964). That section provided: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof." It will be noted that the only essential change in the language of the two statutes redefines a "felony" in terms of the length of imprisonment, and broadens the statute to include evidence of a conviction of a crime other than a felony, but only if the crime involved dishonesty or false statement. See *State v. Lang,* 197 Neb. 47, 246 N.W.2d 608 (1976). Under the former statute, evidence of conviction of any misdemeanor was wholly inadmissible.

Under the former statute this court held that if a defendant in a criminal prosecution admits that he has previously been convicted of a felony, it was error for the court to permit the prosecution to inquire as to the character of the offense or to permit the record of the conviction to be introduced. See, *Vanderpool v. State,* 115 Neb. 94, 211 N.W. 605 (1926); *Bosteder v. Duling,* 115 Neb. 557, 213 N.W. 809 (1927). That rule has been consistently followed.

In *State v. Kallos,* 193 Neb. 113, 225 N.W.2d 553 (1975), this court held that where a witness on cross-examination admits previous conviction of a felony, it was error to allow further inquiry of the witness on the subject other than as to the number of his prior felony convictions. This court said: "We have previously held that the above statute proscribes and limits the scope of any inquiry initiated by the State that may be made on cross-examination of a defendant, or any witness, in a criminal case. It permits inquiry of the defendant, or any witness, when he is a witness, if he was previously convicted of a felony. If the answer is in the affirmative, he may be asked the number of such convictions, and if the answer is correctly given, the inquiry must end there. The purpose of the restricted inquiry permitted by the statute is for whatever effect the facts of a previous conviction may have on the credibility of the defendant, or witness, as a witness and not for the purpose of tending to show he is prone to engage in criminal actions. . . . 'The inquiry made by authority of this statute . . . should be confined to a question or questions in proper form, and the witness should be required to answer specifically and directly. Neither the cross-examiner nor the witness should be allowed to wander or explain, but should be confined to the narrow limits fixed by the statute.' " *Id.* at 120-21, 225 N.W.2d at 557.

In *State v. Boss,* 195 Neb. 467, 238 N.W.2d 639 (1976), this court held that when a defendant testifies on his own behalf, the prosecuting attorney may question him as to his previous convictions for felony and the number thereof, but no details as to the nature of the charges or other details may be elicited or received.

This court noted in *State v. Lingle,* 209 Neb. 492, 308 N.W.2d 531 (1981), that the new statute neither directly adopts nor rejects the holding in *State v. Kallos, supra.* There is no apparent reason to alter

our previous holdings simply because misdemeanors involving dishonesty or false statements have now been included with felonies.

In the case at bar the prosecutor's cross-examination of the defendant began by asking the defendant whether or not there were 64 entries on the defendant's misdemeanor record. Defendant's counsel objected. The defendant answered: ''Yeah, right, if you want to count - -.'' The court told the defendant to let his attorney speak first and the defendant's counsel then objected again and asked permission to approach the bench. Following the conference, the court did not rule on the objection or advise the jury to disregard the question or the answer. The prosecutor simply began on another subject. Later the prosecutor asked the defendant if he had been convicted of assault and battery on Patricia Gore, and the defendant answered that he believed he had pleaded guilty to it. The record of that conviction was offered and objected to on the ground of no sufficient and proper foundation. After counsel had approached the bench and after some discussion apparently involving two exhibits, the exhibit was re-offered and the defendant's counsel stated no objection. The exhibit received included not only the record of the conviction for assault and battery but included a record of the sentencing, a copy of the complaint, and even the affidavit of the complaining witness. Thereafter, the prosecutor cross-examined the defendant with respect to various other misdemeanors involving various offenses, including resisting arrest, false information, disorderly conduct, assault and battery, damage to property, and similar incidents. The prosecution offered exhibits 16 through 24 to establish the convictions on these offenses, in most instances after the defendant had admitted his conviction. The defendant's counsel objected to 6 of the 9 exhibits of convictions on the ground that they were incompetent, irrelevant, and

immaterial to the issue at bar, but stated that he had no objection to 3 of them. The court sustained the objection as to 3 disorderly conduct convictions and admitted all the others. Each of these exhibits also included the complaint and sentencing information, although they did not include the affidavits of the complaining witnesses.

The basic intent of § 27-609 is to preserve the defendant's right to a fair trial and to assure that the defendant should not be found guilty of the crime with which he is charged simply because he has previously been convicted of other crimes and not because of his specific guilt of the offense with which he is charged. 1 Jones on Evidence § 162 (5th ed. 1958). See, also, 2 Wigmore on Evidence § 302 (3d ed. 1940).

As this court stated in *State v. Casados,* 188 Neb. 91, 96-97, 195 N.W.2d 210, 214 (1972): "The rule excluding such evidence of other independent crimes is one of the distinguishing features of our common law jurisprudence and it rests on fundamental demands for justice and fairness which nourish the roots of our whole system of justice. . . .

. . . .

"It is a fundamental concept of our criminal law that an accused, whether guilty or innocent, is entitled to a fair trial. It is not only the duty of the trial court but of the prosecutor as well to see that he gets one."

In the case at bar it is apparent that the prosecutor set out to establish that the defendant had been convicted of independent misdemeanor crimes, most of which were clearly inadmissible under the statute in any event. The only excuse for going into such issues apparently is that the defendant, on direct examination, admitted convictions for misdemeanors which are not even within the scope of the statute and presumably may have misstated the total number of his misdemeanor convictions. Such

reasoning assumes that a defendant who testifies on direct examination in a criminal case that he has previously been convicted of one or more specific independent misdemeanors thereby waives the benefit of § 27-609 unless he continuously objects when evidence or testimony is tendered which is inadmissible under the statute. It seems obvious that a defendant witness in a criminal case who testifies on direct examination that he has been convicted of a specific independent crime does not thereby waive his rights under § 27-609, or his right to a fair trial.

The majority opinion tacitly approves the blatant violation of a defendant's rights to a fair trial upon the ground that the defendant's counsel did not object at every possible opportunity, and that the violations properly objected to were only a few and therefore not actually prejudicial. A prosecutor's deliberate and repeated disregard of long-established statutory and decisional requirements which attempt to protect a defendant's right to a fair trial ought not to be excused because defendant's counsel did not object often enough. On at least four occasions inadmissible evidence was admitted over timely objections. The fact that 10 or 20 other additional objections could have been made but were not does not alter the question of whether the defendant had a fair trial. The right to a fair trial ought not to depend upon a perfect performance by defendant's counsel. The conviction in this case should be reversed and the cause remanded for a retrial.