577 N.W.2d 749 (1998)
6 Neb. App. 734
BOARD OF REGENTS OF the UNIVERSITY OF NEBRASKA AT LINCOLN, Appellee,
v.
Frances THOMPSON, Appellant.
No. A-96-873.
Court of Appeals of Nebraska.
March 31, 1998.
*750 Frances Thompson, pro se.
James A. Cada, Lincoln, for appellee.
Susan Poser, Lincoln, for amicus curiae ACLU Nebraska.
MILLER-LERMAN, C.J., and SIEVERS and INBODY, JJ.
INBODY, Judge.

INTRODUCTION
Frances Thompson, an inmate at the Nebraska Correctional Center for Women in York, Nebraska, appeals the entry of a judgment against her in an action to collect an unpaid student loan. For the reasons set forth herein, we vacate the judgment entered against Thompson and remand the cause to the Lancaster County District Court with directions to remand the matter to the Lancaster County Court for further proceedings.

STATEMENT OF FACTS
On April 25, 1995, Thompson, who was incarcerated, was served with a summons from Lancaster County Court naming her as the defendant in a civil action to collect a debt from her participation in the Perkins student loan program. After being served with the petition, Thompson, acting pro se, filed a timely answer, denying the amounts claimed to be owed by the plaintiff, the Board of Regents of the University of Nebraska at Lincoln; claiming the action was not brought in good faith; and claiming various other defenses, including false representation and promissory estoppel. This answer *751 was later amended to also allege specific instances of alleged bad faith by the plaintiff. On or about September 13, Thompson filed a motion, requesting that hearings on motions be conducted telephonically, and if the matter when to trial, that she be physically transported for trial or, in the alternative, that the trial be held telephonically. The motions for telephonic access or to be transported to trial were denied on September 19.
Trial in this matter was held on September 21, 1995. Thompson failed to appear for obvious reasons. The following is a quote of the trial in its entirety:
[Plaintiff's attorney]: Okay. Thompson.
THE COURT: Yes.
[Plaintiff's attorney]: 95B1669.
THE COURT: I got it.
[Plaintiff's attorney]: It's set for trial. Defendant did not appear. Ask that judgment be entered for the amount prayed for. The amount of $6,874.18 plus interest per note.
THE COURT: Okay.
Judgment in the amount of $6,874.18 plus interest per note and costs was entered in Lancaster County Court for the plaintiff due to Thompson's failure to appear at trial. The judgment was timely appealed to the Lancaster County District Court, which affirmed the decision of the county court. Thompson then timely appealed to this court.

ASSIGNMENTS OF ERROR
On appeal, Thompson identifies eight assignments of error, which can be consolidated into the following two issues: (1) The county court erred in granting judgment against Thompson where an answer had been timely filed and where the plaintiff did not produce any evidence to support the judgment rendered against Thompson, and (2) Thompson's federal and state due process rights were violated because she was prevented not only from defending the lawsuit filed against her, but prevented from even participating at trial.

DISCUSSION
Judgment Against Thompson.
Thompson's first assigned error is that the county court erred in granting judgment against her where an answer had been timely filed and where the plaintiff did not produce any evidence to support the judgment rendered against Thompson.
Where a defendant has filed an answer, the fact that the defendant does not appear for trial does not entitle the plaintiff to a judgment without proof of the facts constituting the plaintiff's cause of action, unless the facts admitted by the defendant in the answer make out a prima facie case in the plaintiff's favor. Scudder v. Haug, 201 Neb. 107, 266 N.W.2d 232 (1978). Thompson's answer to the plaintiff's petition raised an issue of fact which was required to be decided before judgment could be rendered against Thompson. There is no sworn testimony, affidavit, or other such evidence in the record to support the plaintiff's allegations. Without evidence or testimony regarding the alleged student loan contract and the amount of damages in the record, the record before this court does not support the entry of judgment on liability or damages. Therefore, the judgment against Thompson was flawed because there was no factual support for the judgment rendered. Thus, the district court erred in affirming the county court's entry of judgment against Thompson, the judgment is vacated, and the matter is remanded to the Lancaster County District Court with directions to remand to the Lancaster County Court for further proceedings.
Although we have determined that the judgment must be vacated and the matter remanded for further proceedings, we deem it necessary to address Thompson's claims of a violation of due process rights because of the likelihood that the same issue will arise during the proceedings on remand.
Violation of Due Process Rights.
Thompson contends that her federal and state due process rights were violated because she was prevented not only from defending the lawsuit filed against her, but prevented from even participating at trial.
*752 The U.S. and Nebraska Constitutions provide that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amends. V and XIV; Neb. Const. art. I, § 3.
As stated in Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983 [1994], 32 L.Ed.2d 556 (1972): "For more than a century the central meaning of procedural due process has been clear: `Parties whose rights are to be affected are entitled to be heard....'" When a person has a right to be heard, procedural due process includes notice to the person whose right is affected by a proceeding, that is, timely notice reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by constitution or statute; and a hearing before an impartial decisionmaker.
In re Interest of L.V., 240 Neb. 404, 413-14, 482 N.W.2d 250, 257 (1992).
Although it is clear that a prisoner has no absolute constitutional right to be released from prison so that the prisoner can be present at a hearing in a civil action, In re Interest of L.V., supra; Wilson v. Wilson, 238 Neb. 219, 469 N.W.2d 750 (1991), and that due process does not require the appointment of counsel to represent the prisoner in a private civil matter, Caynor v. Caynor, 213 Neb. 143, 327 N.W.2d 633 (1982), due process does require that the prisoner receive meaningful access to the courts to defend suits brought against him or her.
In the instant case, Thompson's motion to physically attend trial was denied, her motion to have the trial conducted telephonically so that she could participate was denied, and the Lancaster County Court and the plaintiff's attorney were aware that Thompson was acting pro se. We fail to see how the plaintiff can seriously argue that Thompson's due process rights were not violated by the procedures employed at the county court trial. When the trial on remand takes place, due process does not require Thompson's physical presence at the trial, provided that she is otherwise afforded procedural due process which provides her an opportunity to present her side of the case.

CONCLUSION
The Lancaster County District Court erred in affirming the Lancaster County Court's entry of judgment against Thompson where no evidence or testimony was presented at trial. Furthermore, at the trial on remand, we hold that due process does not require Thompson's physical presence at the trial, provided that she is otherwise afforded procedural due process.
JUDGMENT VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.