STATE OF NEBRASKA, APPELLEE, V. DALE L. SCHUMACHER, APPELLANT.

201 N. W. 2d 249

Filed October 13, 1972. No. 38451.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted of burglary. He assigns as error the omission of the word "willful" from the information; failure to instruct on his theory of the case; and prejudicial argument by the prosecuting attorney. The judgment of the district court is affirmed.

The information charged that defendant acted "unlawfully and feloniously, maliciously and forcibly." To act with malice means to act maliciously. "Malice in a legal sense denotes that condition of mind which is manifested by the intentional doing of a wrongful act without just cause or excuse." Sall v. State, 157 Neb. 688, 61 N. W. 2d 256.

"The word willfully or purposely means intention-

ally and not accidentally or involuntarily, and the word feloniously means proceeding from an evil purpose or done with deliberate intention of committing a crime. Felonious describes a willful act and feloniously in a legal sense refers to an act done with intention to commit a crime." Sall v. State, *supra*. The terms "maliciously" and "feloniously" necessarily import a willful act. Furthermore, in this instance, defendant admits he intentionally entered, and the trial court instructed that "willful" entry was a material element of the crime charged.

Defendant's second assignment of error contains a charge that the court failed to instruct on defendant's theory of the case as set out in several requested instructions. Defendant fails to point out in what respect such failure occurred. Examination of instructions given and requested fails to disclose any erroneous or prejudicial action on the part of the trial court. Defendant's theory, as disclosed by his evidence, was that the entry was not forcible and not with an intent to steal. These issues were adequately submitted.

Defendant was shown to be living with a woman called by him as a witness. The evidence was pertinent from the standpoint of credibility. Objection was made to the prosecutor's reference to a question asked in this regard and the court instructed the jury to disregard anything outside the evidence so referred to. There was no prejudice.

The judgment of the district court is affirmed.

AFFIRMED.