STATE OF NEBRASKA, APPELLEE, V. MIKE LANG, ALSO KNOWN AS MICHAEL LANG, APPELLANT.
246 N. W. 2d 608

Filed November 10, 1976. No. 40758.

Thomas A. Vakulskas, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was tried in the District Court for Dakota County on a charge of assault with intent to inflict great bodily harm. He was found guilty by a jury and the court imposed a sentence of 5 to 8 years imprisonment.

The charge here arose out of a melee which occurred on September 22, 1975, in the parking lot of a liquor store in South Sioux City, Nebraska. The particular part of the brawl out of which the charge here arose involved a fight between the defendant Lang and one Gene Boykin. According to Boykin's testimony, when the fight began the defendant pulled a gun and hit Boykin in the face with it and bruised his cheek. The gun fell out of the defendant's hands and there was a scramble for the gun. The defendant got it and then fired twice at Boykin but missed him. A friend of Boykin's intervened and in the scuffle the gun discharged again. The defendant shot twice at a car occupied by Boykin's friend and then left the scene in an automobile.

The defendant's version was that he tried to avoid the confrontation. He also denied he ever had a gun or saw a gun at the fight. Several witnesses confirmed various portions of Boykin's version and one witness confirmed the defendant's version.

Shortly after the defendant and his friends left the scene the police arrived, talked to several witnesses, and inspected the scene of the disturbance. They discovered four empty .38 caliber shell casings in the area and a lead slug some 5 feet from the wall of the liquor

store. The officers also saw dents in one of the cars that could have been made by bullets, and behind the car on the wall of the liquor store saw two marks which could have been caused by a ricocheting bullet. The officers took a picture of the two marks on the wall and circled the marks on the photograph. The liquor store owner testified that he did not actually see anything other than that there was a disturbance, but he did hear what could have been shots. The defendant was found guilty by the jury.

The defendant contends that the evidence established justifiable provocation and a lack of criminal intent. Evidence on these issues was in conflict and the issues were for the jury. They were properly submitted under instructions which are not challenged and the defendant's contentions of error on those grounds are wholly unfounded. See Garofola v. State, 121 Neb. 850, 238 N. W. 755.

Defendant also contends that the prosecution must prove as a necessary element of the crime charged that great bodily injury actually occurred. It is clear that to constitute the offense of assault with intent to do great bodily harm there must be an unlawful assault coupled with a present ability and intent to injure, but no actual battery need occur. See, Vanderpool v. State, 115 Neb. 94, 211 N. W. 605; State v. McDaniels, 145 Neb. 261, 16 N. W. 2d 164. The evidence here was more than sufficient to establish the necessary elements of the crime charged.

Defendant also complains that the marked photograph was inadmissible on the ground that it was marked on the basis of hearsay, and that it was prejudicial. Properly verified photographs are not rendered inadmissible in evidence because of marks on them where the individual who made the marks explains them or testifies as to their correctness. 29 Am. Jur. 2d, Evidence, § 784, p. 854. The officer who made the marks on the photograph explained them and testified in detail as to what

they represented. The foundation for the photograph was direct observation and not hearsay. The photograph was properly admitted.

Finally, the defendant contends that the trial court erred in allowing the prosecution to question the defendant about his felony convictions and prior conduct. After the defendant had admitted that he had been convicted of several felonies, the prosecutor asked how many times it had happened. An objection by defense counsel was sustained. There was no objection to prior questions and answers with respect to defendant's felony convictions, nor were there any later objections to questions about the defendant's prior conduct. The only objection to the testimony complained about was sustained and no objections were made to any of the other testimony to which he now objects. While the prosecutor may have been over zealous, there was no prejudicial error in the rulings of the court.

No further discussion would be required except that the issue of prior crimes and convictions was tried and briefed relying on section 25-1214, R. R. S. 1943, which dealt with interrogating a witness as to his previous conviction of a felony. We call attention to the fact that that section was repealed, and the Nebraska Evidence Rules went into effect on January 1, 1976. Those rules are now embodied in Chapter 27, Reissue Revised Statutes of Nebraska. Evidence of conviction of a crime is, in some respects, more limited, but is not restricted to felonies as such. See §§ 27-404, 27-608, and 27-609, R. R. S. 1943.

The judgment of the District Court is affirmed.

AFFIRMED.