STATE OF NEBRASKA, APPELLEE, v. LARRY B. JACKSON, APPELLANT.

265 N. W. 2d 850

Filed May 10, 1978. No. 41748.

E. Dean Hascall, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Defendant entered a plea of not guilty to a charge of second degree murder, was convicted by a jury, and sentenced by the District Court to a term of 25 years imprisonment in the Nebraska Penal and Correctional Complex. Defendant appeals. We affirm the judgment and sentence of the District Court.

On appeal, defendant raises four contentions: That the District Court erred in admitting into evidence exhibits 2, 3, 5, 7, 8, and 9 for the reason that these exhibits were prejudicial, irrelevant, inflammatory, and cumulative; that the District Court erred in giving instruction No. 9 and in failing to give certain instructions tendered by the defendant; that the District Court erred in failing to sustain defendant's motion for a directed verdict; and that the sentence imposed is excessive. We shall address each contention in order.

Defendant's first contention concerns exhibits 2, 3,

5, 7, 8, and 9. Exhibits 7, 8, and 9 depict the fatal wound. In State v. Partee, 199 Neb. 305, 258 N. W. 2d 634 (1977), we stated: " 'Although it is true that the probative value of such evidence should be weighed against its possible prejudicial effect before it is admitted, if a photograph illustrates or makes clear some controverted issue in a homicide case, a proper foundation having been laid, it may be received, even if it is gruesome.' * * * The admission of photographs of a gruesome nature rests largely in the sound discretion of the trial court. * * * 'In a homicide case, photographs of the victim, upon proper foundation, may be received in evidence for purposes of identification to show the condition of the body, the nature and extent of wounds or injuries, and to establish malice or intent.' ''

At trial, defendant contended that the shooting was accidental; that it occurred as he was placing the gun in a closet; and that the victim was approximately 3 feet away when the gun discharged. Expert testimony was introduced by the State, based upon analysis of the wound, that the muzzle of the gun was approximately ½ inch from the victim when it was discharged. The probative value of exhibits 7, 8, and 9 to support and elucidate this expert testimony clearly is sufficient to outweigh any potential prejudicial effect inherent in these three photographs. The District Court was correct in receiving them into evidence.

Exhibit 2 shows the victim's face and upper torso, areas not affected by the shotgun blast, and was introduced for the purpose of identification. There was no error in its admission.

Exhibits 3 and 5 are photographs of the weapon involved. Exhibit 3 shows it lying, opened and with a live shell next to it, on a couch in the apartment of a Mr. White, as it was found when police arrived upon the scene. Defendant testified that after the victim was shot he went to Mr. White's apartment, with the

gun, because his apartment did not have a phone. Exhibit 5 merely shows the gun against a neutral background. An expert witness for the State testified that he tested the weapon depicted in exhibit 5 for the possibility of accidental discharge. Both of these exhibits had probative value and there was no error in their admission.

Defendant argues that exhibits 2, 7, 8, and 9 and exhibits 3 and 5 are cumulative. The admission of cumulative evidence rests within the sound discretion of the trial judge. Whether evidence is cumulative to the extent that it constitutes reversible error depends upon the circumstances of each case. We do not believe that the exhibits in this case were prejudicially cumulative.

Defendant next contends that the District Court erred in giving instruction No. 9 to the jury. This instruction is identical to NJI No. 14.52 and refers to "admissions or confessions." Defendant objects to the word "confessions" contained therein and argues that this somehow plants a prejudicial feeling in the minds of the jurors. This contention is without merit, as are defendant's other contentions relating to instructions. There is no error regarding instructions.

Defendant next contends that the District Court erred in failing to sustain his motion for a directed verdict. He argues that there was insufficient evidence to show malice or to indicate that the victim's death was not the result of an accident. " 'Malice in a legal sense denotes that condition of mind which is manifested by the intentional doing of a wrongful act without just cause or excuse.' " State v. Schumacher, 189 Neb. 138, 201 N. W. 2d 249 (1972).

Defendant testified that the victim's death was the result of an accident which occurred when his gun discharged as he was putting it in a closet. He stated that the victim was about 3 feet away when the gun discharged. Two expert witnesses for the

State testified that the victim's wound was a contact one and that the end of the gun barrel was in virtual contact with the victim when the shot was fired. Another expert witness for the prosecution testified that he examined the gun involved for the possibility of accidental discharge, with negative results.

"In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, determine the plausibility of explanations, or weigh the evidence." State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904 (1975). In a criminal proceeding, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the State to support it. State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650 (1976). The District Court committed no error by denying defendant's motion for a directed verdict.

The defendant was sentenced to a term of 25 years imprisonment in the Nebraska Penal and Correctional Complex. The crime here is second degree murder. It appears in the presentence investigation report that this was not a murder committed in the heat of passion. There was no finding of a struggle prior to the killing. The victim was shot at close range. It appears there was a lack of any remorse by the defendant at the time or during the subsequent investigation, trial, and sentencing. The presentence investigation report reveals defendant's trouble with the law over a period of time beginning in 1973, including numerous arrests and a conviction for disorderly conduct, numerous fines for traffic complaints, and an arrest for rape. The defendant's version of the killing was rejected by the jury and is unsupported under the undisputed evidence introduced in the case. The presentence investigation report consists of more than 30 pages of text and supporting exhibits. Further review is unnecessary. It

amply supports the conclusion that the trial judge did not abuse his discretion in imposing the sentence. We further point out that the defendant's sentence was, in fact, an indeterminate sentence of 10 to 25 years imprisonment. In our very recent decision in State v. Suggett, *ante* p. 693, 264 N. W. 2d 876 (1978), the court, in reviewing a flat sentence of 30 years for second degree murder, stated as follows: "The court then imposed a sentence of 30 years, the same as the maximum term of defendant's original sentence. The effect of the new sentence, however, is that the defendant has a minimum term of 10 years, for the purpose of determining eligibility for parole. See, State v. Blankenship, 195 Neb. 329, 237 N. W. 2d 868 (1976); State v. Thompson, 189 Neb. 115, 201 N. W. 2d 204 (1972)." The defendant misconceives the nature of his sentence. His argument for excessiveness is predicated upon the premise that he has been sentenced to a flat sentence of 25 years imprisonment. The fact is that the effect of his sentence is an indeterminate sentence of 10 to 25 years as stated above. The sentence imposed was within the statutory limits and was clearly not an abuse of discretion by the trial court. State v. Stahl, 197 Neb. 683, 250 N. W. 2d 639 (1977).

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.