STATE OF NEBRASKA, APPELLEE, V. STEVEN C. RISTAU, APPELLANT.

272 N. W. 2d 274

Filed December 6, 1978. No. 42111.

Raymond B. Johansen, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and RIST, District Judge.

McCOWN, J.

The 17-year-old defendant pleaded guilty to a charge of assault with intent to inflict great bodily injury and was sentenced to imprisonment for a term of not less than 3 years nor more than 8 years. The defendant has appealed.

The defendant was charged as an adult with the offense of robbery on September 28, 1977. A motion to treat the defendant as a juvenile and proceed in juvenile court was denied. Pursuant to a plea bargain the robbery charge was dismissed and a charge of assault with intent to inflict great bodily injury was substituted. The defendant pleaded guilty to the amended charge on February 10, 1978.

The record established that the defendant threw an intoxicated woman to the pavement, took her purse, and ran. The woman bumped her head on the pavement and wrenched her back, but did not require or seek medical attention. The defendant was also intoxicated at the time.

At the arraignment, before accepting the guilty plea, the court thoroughly explained to the defendant the options he had and the constitutional rights which would be waived by a guilty plea. When the court inquired as to whether there had been any plea bargaining, the court was advised the plea bargain was that the robbery charge would be dismissed if defendant pleaded guilty to the assault charge here; that there was a chance for probation; and that the State would not object to probation nor make any recommendation as to any sentence other than probation. The court explained to the defendant that the court was not a party to any plea bargain, would not be bound by any such agreement, and that the court could very well impose the maximum sentence. The court asked whether the defendant understood that and whether he still wished to plead guilty. The defendant responded "yes."

In the discussion at the arraignment the defendant denied that he intended to beat the victim or hurt her, but admitted that he intended to take her money and to use as much "hassle" as was necessary to get it.

The court accepted the defendant's plea of guilty, finding that it was voluntarily, intelligently, and knowingly made. On March 7, 1978, the defendant was sentenced to not less than 3 nor more than 8 years in the Nebraska Penal and Correctional Complex.

The defendant first contends that there is no factual basis upon which the trial court could find a specific intent to inflict great bodily injury. The position of the defendant is that because he said he did not intend to inflict great bodily injury, and great bodily injury did not actually result, there was no factual basis for a plea of guilty. We disagree.

The record establishes that the defendant not only threw the victim to the pavement but admitted that he intended to use whatever force was necessary to

take her purse. The intent with which an act is done is rarely, if ever, susceptible of proof by direct evidence, but may be inferred or gathered from outward manifestations, words, or acts, and the facts or circumstances surrounding or attendant upon the assault. It is not essential to a conviction for assault with intent to do great bodily injury that the accused should have intended the precise injury which followed as the result of the assault. It is sufficient if serious bodily harm of any kind was contemplated. State v. McDaniels, 145 Neb. 261, 16 N. W. 2d 164.

To constitute the offense of assault with intent to do great bodily injury there must be an unlawful assault, coupled with a present ability and intent to injure, but no actual battery need occur. State v. Lang, 197 Neb. 47, 246 N. W. 2d 608. In any event, the defendant's guilty plea represented a voluntary and intelligent choice among the alternative courses of action open to him.

The defendant next contends that his plea of guilty was rendered involuntary simply because he believed that he would get probation. The record refutes that contention. The trial court made it clear that the court was not bound by any plea bargain agreement, and that the court might well impose the maximum sentence. The court complied in all respects with the standards relating to pleas of guilty as outlined in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. The record establishes that the defendant understood the nature of the charge, the possible penalty, his rights, and the effect of a plea of guilty. He understood also that there was only a chance of probation and no guarantee. His plea was intelligently, knowingly, and voluntarily made.

Finally, the defendant contends that the sentence was excessive. The defendant was 17 years old at the time of the crime and at the time of sentencing. The presentence investigation report shows that defendant was adjudicated a juvenile delinquent in Oc-

tober 1974, when he was 14 years old. The offenses were the theft of a bicycle and attempted larceny. He was placed on probation at his mother's home at that time. In May 1975, he was committed to the Youth Development Center at Kearney, Nebraska, for probation violation based upon allegations of possession of marijuana and curfew violation. In October 1975, he was released from the Youth Development Center and placed on parole in the home of his mother. In May 1976, his parole was revoked because he left the state without permission and he was returned to the Youth Development Center. In October 1976, he was again paroled to reside with his father in Kansas. On March 28, 1977, he was released and discharged from parole.

Defendant's conviction in the present case is his first felony conviction and a motion to have him charged as a juvenile was denied. The penalty for assault with intent to inflict great bodily injury is imprisonment in the Nebraska Penal and Correctional Complex for not less than 1 year nor more than 20 years. § 28-413, R. R. S. 1943. Under the circumstances here a minimum sentence was called for. The sentence of imprisonment in the penal complex for not less than 3 years nor more than 8 years is excessive.

The sentence is vacated and set aside and the defendant is sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a term of 1 year from March 7, 1978, with credit to be given for 55 days in jail prior to the original sentencing.

ORIGINAL SENTENCE VACATED.

SENTENCE MODIFIED IN ACCORDANCE

WITH THIS OPINION.

CLINTON, J., dissenting in part.

I dissent from that portion of the opinion which reduces the sentence. The trial court is in a position to best judge the defendant's attitude. We are in no position to do that. Only chance prevents this case

from being one of felony murder as in State v. Harris, 194 Neb. 74, 230 N. W. 2d 203, which also was a crime which had its origin in a "purse snatch."

SPENCER, C. J., PRO TEM., and BOSLAUGH, J., join in this dissent.