State of Nebraska, appellee, v. Richard L. Muniz,
appellant.

277 N. W. 2d 712

Filed April 24, 1979. No. 42375.

Stephen A. Scherr, Adams County Public Defender, and Thomas J. Mullen, for appellant.

Paul L. Douglas, Attorney General, and C.C. Sheldon, for appellee.

Heard before Krivosha, C. J., Boslaugh, McCown, Clinton, Brodkey, White, and Hastings, JJ.

Clinton, J.

Richard L. Muniz appeals from his conviction by a jury of breaking and entering with the intent to inflict great bodily harm and from his sentence to a term of 18 months in the Nebraska Penal and Correctional Complex, which sentence included credit for time already served. Appellant assigns as error that the evidence was insufficient to support the verdict and that the sentence was excessive. We affirm.

Taking the view most favorable to the State, the evidence shows the following facts. Prior to his conviction for the offense at issue here, appellant lived for 7 months with a woman who was not his wife. When this woman asked the appellant to move out, he reacted violently, choking her, but did eventually leave. After moving out, the appellant continually harassed the woman, primarily by telephoning her and writing notes, and occasionally by following her around town or attempting to enter her house. At one point, appellant broke the window to the woman's automobile with a wrench, forcibly pulled her out of her automobile, and held her in his own auto-

mobile for a while. On another occasion he threatened to kill her.

The incident at issue occurred on May 4, 1978. That night, the woman was in her living room with a date. Shortly after 11:30 p.m., appellant, having parked about 6 blocks away, cut the exterior telephone wires to the woman's residence, kicked in the locked door and entered, carrying a gun which was cocked and had two bullets in it. In the course of the ensuing conversation, appellant showed the woman the two bullets and said, "One for you and one for me." The woman testified she was frightened by appellant's conduct and thought appellant intended to kill her.

By 3 or 4 a.m., the woman and her date persuaded the appellant to unload and hand over the gun and leave peacefully. No one was physically harmed, and appellant gave the woman $50 to pay for the damage to her door.

Appellant was convicted of having violated section 28-532, R. R. S. 1943, which states in pertinent part: "Whoever willfully, maliciously and forcibly breaks and enters into any dwelling house . . . with intent to . . . commit any felony . . . shall be punished by imprisonment in the Nebraska Penal and Correctional Complex not more than ten years nor less than one year . . . ." The information charged that the specific intention with which the breaking was done was that of killing the woman, or assaulting her with intent to inflict great bodily injury.

The only element of the offense as to which there could be any doubt whatsoever is whether appellant had the requisite intent to commit a felony when he entered the woman's home. Appellant claims he was carrying the gun because someone had fired upon and hit his automobile shortly before May 4, 1978. A deputy sheriff, who examined appellant's automobile a week before trial in July 1978, did find a bullet hole in the right front fender.

This court has frequently enunciated the rules applicable in this situation. The intent with which an act is done is rarely, if ever, susceptible of proof by direct evidence, but may be inferred from words or acts and the facts or circumstances surrounding the act. State v. Ristau, 201 Neb. 784, 272 N. W. 2d 274. In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. In a criminal proceeding, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it. State v. Jackson, 200 Neb. 827, 265 N. W. 2d 850.

The evidence in this case was clearly sufficient to permit the jury to conclude the appellant had the requisite intent, and the first assignment of error is without merit.

This court has also stated often that a sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. Kerns, 201 Neb. 617, 271 N. W. 2d 48. Even disregarding other aggravating circumstances in the appellant's record, his sentence is justified by the fact that, during the 2 months before the present offense, appellant had been convicted of assault and malicious destruction of property and fined $125 due to an incident involving the same woman. The fine assessed against the appellant as a result of that conviction was obviously insufficient to deter him from further acts of violence. As the State correctly points out in its brief, appellant's sentence is relatively conservative when compared to the statutory maximum of 10 years.

AFFIRMED.