STATE OF NEBRASKA, APPELLEE, v. GARY P. KENNEDY, APPELLANT.

289 N. W. 2d 765

Filed March 11, 1980. Nos. 42737, 42738.

Michael L. Lazer of Levy & Lazer, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal by the defendant, Gary P. Kennedy, from an order of March 23, 1979, of the District Court for Douglas County, denying the defendant's motions to vacate and set aside his convictions in two criminal cases. The matters on appeal arose from two independent criminal prosecutions. Docket 99, No. 400, charged the defendant with robbery which was subsequently amended to a charge of assault with intent to rob. Docket 100, No. 18, charged the defendant with shooting with intent to kill, wound, or maim and a second count of possession of a firearm by a felon. On July 14, 1977, the defendant pleaded not guilty to the robbery charge. At the second arraignment, on August 11, 1977, the defendant stood mute to the charges of shooting with intent to kill, wound, or maim and possession of a firearm by a felon. A plea of not guilty to each charge was entered by the court.

Pursuant to a plea bargain, on August 31, 1977, the defendant withdrew his plea of not guilty to the charge of robbery and pleaded guilty to the amended charge of assault with intent to rob. In exchange for a plea of guilty to the charge of shooting with intent to kill, wound, or maim, the State agreed to dismiss count II of Docket 100, No. 18, a felon in possession of a firearm.

During the hearing on August 31, 1977, before the pleas were accepted, this exchange occurred between the court, the defendant, and defendant's attorney, David Herzog: "The Court: * * * Now there has been a plea bargain set forth in the record. Do you understand that I am not bound in any way, shape or form by the terms of that plea bargain with regard to the sentence that would be imposed, do you understand that?

"The Defendant: Yes.

"The Court: Now, besides the plea bargain, have there been any threats, promises, inducements, or

promises of leniency made to you by anybody, particularly law enforcement people?

"The Defendant: No.

"Mr. Herzog: Judge, I should advise the Court at this point that Mr. Kennedy and I have discussed quite thoroughly the nature of the punishment potentially that the Court could impose, my approach to the Court on making recommendations as to an appropriate sentence and other such matters, and I have given Mr. Kennedy my belief and opinion as to what I thought an appropriate sentence would be. I don't mean to inform the Court or to suggest to Mr. Kennedy that this is binding on the Court. This is merely my observation and part of the duty that I must discharge to my client to give him my opinion as to what I think an appropriate sentence would be, and that is one of the considerations for it.

"The Court: Okay, then let me say in that regard, Mr. Kennedy, that before sentencing I will afford your counsel the opportunity to examine the pre-sentence investigation, and I am sure at that time that he will consult with me or argue with me and I am sure at the time of sentencing he will make an appropriate argument and plea and discussion of what he feels is appropriate, and he will bring to my attention any matters that may not be in the pre-sentence investigation that he thinks are relevant to the question of sentencing. But you have got to understand that what your attorney thinks may well be far different from what I think. On the other hand, they may be very similar to what I feel and think, but I have got to have you understand that what he thinks is not binding on me. Do you understand that?

"The Defendant: Yes."

After establishing a factual basis for the pleas and advising the defendant of the maximum penalty, the court accepted his pleas of guilty. On October 14, 1977, the defendant was sentenced to confinement in the Nebraska Penal and Correctional Complex for a

term of not less than 8 years nor more than 12 years on the shooting charge and a term of 3 years on the assault with intent to rob charge, the sentences to run consecutively. Motions for new trial were filed in each case and overruled. No appeal was filed in either case by counsel for the defendant, but the defendant pro se filed in Docket 100, No. 18, a notice of appeal of both sentences. The court dismissed the appeals for failure to file briefs.

The defendant filed pro se motions in each case to vacate and set aside judgment and sentence. At the post-conviction hearing, the defendant contended his counsel was ineffective. The defendant alleged he had pled guilty only upon the condition that his attorney, Herzog, had promised him that he had an agreement with the county attorney by which he would receive a sentence of no more than 5 years on both charges. Herzog testified that he did advise the defendant to plead guilty to the charges. He described his discussion with the defendant: "He asked me if I could get him five years or, as he put it in different terms, if I could get him a nickel, which is translated into five years. I told him that I would try, and I told him I thought I could." Later in his testimony, he described it thus: "A. As I recall, the case was coming very, very close to trial on Judge Grant's trial list — that is, the shooting case. And Gary and I had discussed on several occasions going to trial as one alternative or pleading as another alternative. I told Gary what his benefits were, what his liabilities were with regard to each one of the alternatives, and I suggested to him that he consider pleading or allow me to make a plea bargain. And I believe that the discussion was generally, and our understanding was generally, I would plead guilty if you can get me five years or a nickel.

"And I told Gary, I think I can do it, do you want me to try to get it for you. And he said yes, do it.

And with that authorization, I proceeded to arrange a plea bargain."

Herzog and the deputy county attorney testified they had no agreement concerning a specific recommendation on sentence, nor did Herzog have an agreement with the court. The District Court found that the defendant failed to establish grounds for relief under the Post Conviction Act and overruled and denied the motions of the defendant in each case but granted the defendant the right to a new direct appeal in each case. Defendant did not perfect a direct appeal.

The defendant contends the District Court committed error in denying the defendant's post conviction motions to vacate and set aside his convictions and sentences in each case. Defendant contends his guilty pleas are invalid because of ineffective assistance of counsel and therefore must be vacated. We disagree.

The issue to be resolved is whether the defendant's guilty pleas were rendered invalid by virtue of an alleged breach of the plea bargain as represented to him by his counsel. Implicit in the defendant's contention is that Herzog *promised* a sentence of 5 years as a condition to his plea of guilty to each charge. Herzog testified that he told his client he thought he could get 5 years and that he would try to get it. We fail to see how a defense attorney's estimate of a possible sentence constitutes a condition upon the defendant's guilty pleas. The record refutes the contention that the defendant was unaware of the fact that the court was not bound by any plea bargain agreement, and that the court might well impose the maximum sentence.

This court has previously held that a plea of guilty is not rendered involuntary simply because a defendant receives a more severe sentence than expected. An almost identical fact situation was presented to this court in State v. Busse, 186 Neb. 99, 181

N. W. 2d 124. In that case, defendant pleaded guilty to the offense of shooting with intent to kill, wound, or maim. The court sentenced him to 5 to 15 years. Subsequently, defendant moved for leave to withdraw his plea on grounds of the involuntariness of the plea and ineffective assistance of counsel. The defendant alleged that counsel "represented" or "led them to believe" that the defendant would receive a 5-year sentence. In denying defendant's motion, the court held: "The verbatim record of proceedings at arraignments of defendant for plea and sentence is filled with searching inquiry and clear statements by court and defense counsel. Defendant's acknowledgment in context leaves no room for doubt respecting voluntariness of the plea and effective assistance of counsel."

The record indicates that the defendant understood the nature of the charges, the possible penalties, his rights, and the effect of his pleas of guilty. Furthermore, the court specifically notified the defendant that it was not bound by any plea bargain agreement. This record does not support defendant's claim that his pleas of guilty were involuntary. See State v. Ristau, 201 Neb. 784, 272 N. W. 2d 274.

The decision of the trial court overruling the motions is affirmed.

AFFIRMED.