STATE OF NEBRASKA, APPELLEE, V. NATHANIEL A. JACKSON, SR., APPELLANT.

383 N.W.2d 794

Filed March 28, 1986.   No. 85-432.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

After a trial to the court the defendant, Nathaniel A. Jackson, Sr., was convicted of first degree sexual assault on a child under 16 years of age in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979) and was sentenced to imprisonment for 9 to 14 years. He has appealed and contends that the evidence was insufficient as a matter of law to support his conviction and that his sentence is excessive.

The record shows that on September 21, 1984, the victim, age 7, was taken to her father's apartment by her aunt and legal guardian to spend the night. The victim lived with her aunt and regularly spent at least one night each weekend with her father. At that time her father lived in a one-bedroom apartment with the victim's two brothers, ages 2 and 5, and the defendant, who is the victim's great-uncle.

The victim testified that on Friday night while at her father's apartment, the defendant, age 33, pulled off her clothes, then took off his own clothes and began to kiss her. She further testified that he went up and down on her, put his thing in her, and then something began to run down her leg. On direct examination the victim stated that her father and brothers were asleep in the bedroom when the assault occurred. On cross-examination she first testified that her brothers were sleeping on one couch and her father was sleeping on the other couch. The victim then stated that her father and brothers were sleeping in the bedroom. The victim at all times in her testimony stated that the defendant committed the assault. When asked if it was not her dad that had assaulted her, the defendant replied, "No."

The aunt testified that when she picked up the victim on Saturday morning the victim was not acting right. When asked what was wrong, the victim stated that she had a burning sensation upon urinating. Upon further inquiry the victim started to cry and then told her aunt what the defendant had done to her. The aunt then arranged to have the victim examined by a physician.

A physician from the University of Nebraska Medical Center testified that he had examined the victim on September 24, the Monday following the assault. The doctor found various

bruises and abrasions in the vaginal area which were consistent with a sexual assault on a 7-year-old. He further testified that the bruises had been incurred 2 to 3 days prior to the examination and that the victim had a ruptured hymen, which would indicate some type of sexual penetration.

The testimony of the victim was corroborated by the testimony of the victim's aunt and a pediatric social worker called in to determine what had occurred. Both testified that the victim gave them a similar account of the assault.

The defendant argues that, although there is evidence that the victim was assaulted, there is insufficient evidence to prove that he committed the assault. He points to the inconsistencies in the victim's testimony concerning the location of the assault and the fact that no one but the victim identified him as the person who assaulted her.

In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. *State v. Muniz*, 203 Neb. 206, 277 N.W.2d 712 (1979); *State v. Sommers*, 201 Neb. 809, 272 N.W.2d 367 (1978); *State v. Cano*, 191 Neb. 709, 217 N.W.2d 480 (1974). In effect, this is what the defendant is asking this court to do.

The victim at all times identified the defendant as the person who had assaulted her. Although the defendant testified that he was elsewhere when the assault occurred, there was no evidence to corroborate his alibi. The evidence was sufficient, if believed, to establish that the defendant was present at the victim's father's apartment when the assault occurred.

"In a sexual assault case, the victim need not be independently corroborated on the particular acts constituting sexual assault, but must be corroborated on the material facts and circumstances tending to support the victim's testimony about the principal fact in issue." (Syllabus of the court.) *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980); *State v. Watkins*, 207 Neb. 859, 301 N.W.2d 338 (1981). The evidence in this case was sufficient, if believed, to support the defendant's conviction beyond a reasonable doubt.

The defendant also contends his sentence is excessive. First degree sexual assault on a child is a Class II felony punishable by imprisonment for a term of not less than 1 nor more than 50 years. Neb. Rev. Stat. § 28-105 (Reissue 1979). The defendant was sentenced to a term of not less than 9 nor more than 14 years, with credit for time served. The sentence imposed was well within the statutory limits. Generally, in the absence of an abuse of discretion, this court will not disturb a sentence which is within statutory limits. *State v. Dillon, ante* p. 131, 382 N.W.2d 353 (1986).

Although this was the defendant's first felony conviction, he does have a prior misdemeanor conviction. The record further shows that the defendant had previously sexually assaulted his 9-year-old stepchild. Both the psychiatrist's and the psychologist's reports concerning whether the defendant was a mentally disordered sex offender indicated that the defendant has a propensity to commit repeated sexual offenses.

The record shows there was no abuse of discretion by the trial court on sentencing. The judgment is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.